HAMRE v. TERRY & TENCH CO., Inc.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

MASTER AND SERVANT ⊜═265—ACTIONS FOR INJURIES—FAILURE OF PROOF.

In an action for injuries to an employé on a building in course of construction, struck by an iron beam which, after being hoisted by a derrick, was rapidly lowered to be placed in position, there could be no recovery where the evidence did not show whether the accident was due to something done or omitted by the superintendent, to some defect in the signalling apparatus, or to some act of the signalman or the engineer, who apparently were fellow servants, as the mere occurrence of the accident, while the superintendent was in general charge of the operations, was not sufficient proof of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877-908, 955; Dec. Dig. ⊜═265.]

Appeal from City Court of New York, Trial Term.

Action by Albert Hamre against the Terry & Tench Company, Incorporated.   From a judgment in favor of plaintiff, entered upon the verdict of a jury, defendant appeals.   Reversed, and new trial granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Marsh & Wever, of New York City (Charles Capron Marsh and Edgar Armstrong Hamilton, both of New York City, of counsel), for appellant.

Adolph Ruger, of Brooklyn, for respondent.

BIJUR, J.   Plaintiff was working on the Hotel Biltmore, during its construction, when an iron beam, hoisted by a derrick on the twenty-sixth floor, was rapidly lowered to be placed into position and struck the plaintiff.   After reading through the record, I am unable to understand what plaintiff claims to have been the chargeable negligence from which he suffers.   It is true that at folio 60 there is testimony by the plaintiff to the effect that this beam was not being held in position while lowered by a rope at one end, as was the custom in such work; but this testimony was objected to as not being matter pleaded, and it certainly is not referred to either in the complaint or in the bill of particulars.   I can find no evidence to show that the beam was being lowered by reason either of any defect in the machinery employed or by order of any person exercising superintendence.   It seems, therefore, that the complaint should have been dismissed at the close of plaintiff's case, and, as no evidence was introduced by defendant to supply plaintiff's omission of proof, the situation remained unchanged at the close of the entire case.

Respondent's counsel says in his brief:

"The movement of the beam was entirely under the control of the superintendent, and it was his duty to keep proper control of it, regardless of what means he had of doing it."   Also: "The charge was general, and stated no specific grounds or items of negligence."

These two quotations seem to me to illustrate the notion of respondent's counsel that the mere occurrence of the accident while the superintendent was in general control of the operations is sufficient proof. of negligence. Whether the accident was due to something done by the superintendent, which does not seem to be claimed, or something which the superintendent failed to do, which is not even suggested, or whether it came from some defect in the signalling apparatus, concerning which there is no testimony that it caused an erroneous signal, nor any indication that it was the proximate cause of the mishap, or from. an act of the signalman or the engineer, who apparently were fellow workmen with the plaintiff, remains entirely undemonstrated by the evidence.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.